IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **ROBERT ARTHUR KENT, JR.,** | : | **FEDERAL TORT CLAIMS ACT** |
| Plaintiff, | : | **28 U.S.C. §§ 1346(b) & 2671 et seq.** |
| | : | |
| v. | : | |
| | : | |
| **DR. WINSTON et al.,** | : | **CIVIL ACTION NO.** |
| Defendants. | : | **1:14-CV-943-WBH-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

The Court allowed Plaintiff, Robert Arthur Kent, Jr., to proceed on his medical malpractice claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) & 2671 *et seq.*, against Dr. Winston, Dr. Martin, Dr. Gonzalez, and the United States of America. [*See* Doc. 8 at 3-7; Doc. 12 at 1-2.] On August 14, 2014, the undersigned entered an Order granting a fourteen (14) day extension for Plaintiff to submit completed USM 285 forms and summonses for the United States Attorney General and the United States Attorney for the Northern District of Georgia. [Doc. 15 at 1.] The undersigned advised Plaintiff that failure to (1) comply with the Order of August 14, 2014, or (2) keep the Court advised of his current address and telephone number, would result in the dismissal of this action. [*Id.* at 1-2.]

The time period for Plaintiff's compliance having expired, the matter again is

before the Court. As of September 12, 2014, the records of the Clerk of Court indicate that Plaintiff has not submitted the required USM 285 forms and summonses. Plaintiff has not otherwise responded. Additionally, the Court's notice that this case was reassigned to the Honorable Willis B. Hunt, Jr., [Doc. 16], has been returned as undeliverable, [Doc. 17]. Plaintiff has not informed the Court of a change in his mailing address, and the Court has no other information regarding Plaintiff's whereabouts or means of contacting him.

It is therefore **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**, due to (1) Plaintiff's failure to comply with a lawful order of the Court; *see* N.D. Ga. R. 41.3A(2);[1] and (2) Plaintiff's failure to keep the Court informed of his current address; *see* N.D. Ga. R. 41.2C.[2]

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

---

[1] *See also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion"); *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999) (per curiam) (same); *Heard v. Nix*, 170 Fed. Appx. 618, 619 (11th Cir. Feb. 23, 2006) (per curiam) (affirming dismissal under N.D. Ga. R. 41.3 and Federal Rule of Civil Procedure 41(b) for failure to comply with court order).

[2] "The failure . . . of a party appearing *pro se* to keep the clerk's office informed of any change in address and/or telephone number which causes a delay or otherwise adversely affects the management of the case shall constitute grounds . . . for dismissal of the action without prejudice . . . ." N.D. Ga. R. 41.2C.

**IT IS SO RECOMMENDED and DIRECTED**, this  12th   day of September, 2014.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE