IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBERT ARTHUR KENT, JR.,

    **Plaintiff,**

v.

DR. MARTIN, Atlanta USP –
Medical Director, DR. GONZALEZ,
Atlanta USP – Psychiatric Doctor,
UNITED STATES OF AMERICA,
AND DR. JAMES WINSTON,
Former Clinical Director,

    **Defendants.**

1:14-cv-943-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiff Robert Arthur Kent, Jr.'s ("Plaintiff") motion for reconsideration and other relief [44] ("Second Motion for Reconsideration"), his supplement to his Second Motion for Reconsideration [46] ("Supplement"), and his Application to Appeal *In Forma Pauperis* [50] ("Second IFP Application").

**I.   BACKGROUND**

On March 31, 2014, Plaintiff filed his Complaint [1], asserting claims under the Federal Tort Claims Act ("FTCA") against the United States and several officials and medical personnel at the United States Penitentiary in Atlanta,

Georgia.  On May 23, 2014, the Magistrate Judge granted [7] Plaintiff request to proceed *in forma pauperis*.

On June 26, 2014, the Magistrate Judge recommended [8] (1) that Plaintiff's FTCA medical malpractice claims against Dr. Winston, Dr. Martin, and Dr. Gonzalez be allowed to proceed, and (2) that Plaintiff's Complaint against Ms. Darlene Drew and Hollinger be dismissed for failure to state a claim upon which relief may be granted.  On July 18, 2014, the Court adopted [12] the Magistrate Judge's recommendations.

On July 22, 2014, the Magistrate Judge ordered [13] Plaintiff to complete, within twenty-one (21) days, the USM 285 forms and summonses for the United States Attorney General and the United States Attorney for the Northern District of Georgia.  On August 11, 2014, Plaintiff filed his motion for an extension of time to file the summons and USM 285 forms.  ([14]).  On August 14, 2014, the Magistrate Judge granted [15] Plaintiff's motion for an extension, ordered Plaintiff to complete the USM 285 forms and summonses on or before August 28, 2014, and warned Plaintiff that his failure comply would result in a recommendation that this action be dismissed.

Plaintiff did not comply with the Magistrate Judge's August 14, 2014, Order.  On September 12, 2014, the Magistrate Judge issued his Final Report and

Recommendation [18] ("R&R"), recommending that Plaintiff's Complaint be dismissed for failure to comply with the August 14, 2014, Order. (R&R at 2). Plaintiff did not object to the R&R. On May 18, 2015, the Court adopted [24] the R&R and dismissed Plaintiff's Complaint without prejudice.

Six (6) months later, on November 16, 2015, Plaintiff appealed [27] the Court's May 18, 2015, Order, and filed his first Application to Appeal *In Forma Pauperis* [28] ("First IFP Application"). Still four (4) months later, on March 7, 2016, Plaintiff filed his Motion for Relief from Final Judgment [39] ("First Motion for Reconsideration"), which the Court construed as a motion for reconsideration. Plaintiff moved the Court to vacate its May 18, 2015, Order, and to allow Plaintiff to proceed with his case. Plaintiff asserted that he suffered from medical injuries, that he was arrested and incarcerated on September 5, 2014, and that his medical conditions and incarceration prevented him from complying with the Magistrate Judge's August 14, 2014, Order.

On April 1, 2016, the Court denied [41] Plaintiff's First Motion for Reconsideration as untimely and without merit. The Court also denied Plaintiff's First IFP Application for failure to attach a statement of issues to be appealed, and because Plaintiff's appeal was frivolous. On April 28, 2016, the Court of Appeals for the Eleventh Circuit summarily dismissed [42] Plaintiff's appeal as untimely.

On May 2, 2016, Plaintiff filed his Second Motion for Reconsideration, arguing that his medical conditions and incarceration are "just cause" for his failure to comply previously with the Magistrate Judge's August 14, 2014, Order. ([44] at 17).  On May 6, 2016, Plaintiff filed his Supplement, emphasizing his suffering and incarceration.  On May 16, 2016, Plaintiff filed his Notice of Appeal [49] of the Court's April 1, 2016, Order.  Also on May 16, 2016, Plaintiff filed his Second IFP Application.

## II.   DISCUSSION

### A.   Motion for Reconsideration[1]

Plaintiff seeks relief from the Court's May 18, 2015, Order.  "Motions for reconsideration shall not be filed as a matter of routine practice."  LR 7.2(E), NDGa.  Instead, they "should be reserved for extraordinary circumstances."  Adler v. Wallace Computer Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001).  Motions for reconsideration are left to the sound discretion of the district court.  See

---

[1]   On May 16, 2016, Plaintiff filed his Notice of Appeal of the Court's April 1, 2016, Order.  The filing of a notice of appeal generally deprives the district court of jurisdiction over all issues involved in the appeal.  Mahone v. Ray, 326 F.3d 1176, 1179 (11th Cir. 2003).  "However, it does not prevent the district court from taking action in furtherance of the appeal [or] from entertaining motions on matters collateral to those at issue on appeal."  Id.  "Consistent with these principles, . . . district courts retain jurisdiction after the filing of a notice of appeal to entertain and deny a Rule 60(b) motion."  Id. at 1180.

Region 8 Forest Serv. Timber Purch. Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993).

Under Rule 60(b) of the Federal Rules of Civil Procedure, the Court may grant a motion for reconsideration under the following circumstances: (1) "mistake, inadvertence, surprise, or excusable neglect," (2) newly discovered relevant evidence, (3) misconduct by an opposing party, (4) the judgment is void, (5) the judgment has been satisfied, released or discharged, (6) the judgment is based on an earlier judgment that has been reversed or vacated, (7) applying the judgment prospectively is no longer equitable, or (8) "any other reason that justifies relief," such as "an intervening development or change in controlling law" or a "need to correct a clear error." Fed. R. Civ. P. 60(b); Jersawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999).

Plaintiff's Second Motion for Reconsideration, and Supplement, do not assert facts satisfying any of these circumstances. Plaintiff argues that relief from the Court's May 18, 2015, Order is warranted by "Plaintiff's debilitating physical medical sufferings, psychological mental psychiatric condition, and his subsequent incarceration." ([44] at 17). Plaintiff previously presented, and the Court previously rejected, this argument. See Adler, 202 F.R.D. at 675 ("[A] motion for reconsideration should not be used to reiterate arguments that have been made

previously."). To the extent Plaintiff includes any new evidence of his medical condition and incarceration, Plaintiff does not explain why he could not have presented this evidence previously. See id. ("[A] reconsideration motion may not be used to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response."). Because Plaintiff has not shown "extraordinary circumstances" justifying relief, his Second Motion for Reconsideration is denied. See id. ("[A] motion for reconsideration . . . should be reserved for extraordinary circumstances."); Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995) ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time."), aff'd, 87 F.3d 1242 (11th Cir. 1996). Plaintiff's Second Motion for Reconsideration also is untimely because it was filed on May 2, 2016, a year after the Court dismissed Plaintiff's Complaint. See LR 7.2 E., NDGa (providing that motions for reconsideration must be filed "within twenty-eight (28) days after the entry of the order or judgment").[2]

---

[2] Plaintiff's Second Motion for Reconsideration includes a request for leave to file an amended complaint. ([44] at 2-3). Plaintiff's Supplement appears to withdraw this request and, even if it did not, Plaintiff is not entitled to amend his Complaint a year after it was dismissed for failure to obey a lawful order of the

B. <u>Application to Appeal *In Forma Pauperis*</u>

Plaintiff also seeks an *in forma pauperis* appeal of the Court's April 1, 2016, Order denying Plaintiff' First Motion for Reconsideration. Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Rule 24 of the Federal Rules of Appellate Procedure. Section 1915 provides, in pertinent part:

> (a) (1) . . . [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[3] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

---

Court. Plaintiff cites Federal Rule of Civil Procedure 72(b)(3), which governs the resolution of objections to a magistrate judge's report and recommendation, and Federal Rule of Civil Procedure 61, which requires courts to "disregard all errors and defects that do not affect any party's substantial rights." Plaintiff did not object to the Magistrate Judge's R&R, thus rendering Rule 72(b)(3) inapplicable, and Rule 61 does not preclude courts from dismissing actions for failure to comply with a lawful order. <u>See</u> LR 41.3(A)(2), NDGa (providing that courts may dismiss an action where a plaintiff "fail[s] or refuse[s] to obey a lawful order of the court in the case"); <u>Brown v. Tallahasse Police Dep't</u>, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The district court's power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits. The court may dismiss an action *sua sponte* under Rule 41(b) [of the Federal Rules of Civil Procedure] for failure to prosecute or failure to obey a court order." (internal citations and quotation marks omitted)).

[3]   The word "prisoner" is a typographical error, and the affidavit requirement applies to all individuals seeking to proceed *in forma pauperis*. <u>Martinez v. Kristi Kleaners, Inc.</u>, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

> . . .
>
> > (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1), (3).

Rule 24 of the Federal Rules of Appellate Procedure provides, in pertinent part:

> (1) . . . [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court.  The party must attach an affidavit that:
>
> > (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> >
> > (B) claims an entitlement to redress; and
> >
> > (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a).

To prosecute an appeal *in forma pauperis*, a party must show an inability to pay and must bring their appeal in good faith.  An appeal may not be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when judged under an objective standard.  See

Coppedge v. United States, 369 U.S. 438, 445 (1962); Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999); United States v. Wilson, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), aff'd, 896 F.2d 558 (11th Cir. 1990).  An issue is frivolous when it appears that the legal theories are "indisputably meritless."  See Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).  "Arguable means capable of being convincingly argued."  Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam). Where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed.  See Cofield v. Ala. Pub. Serv. Comm'n, 936 F.2d 512, 515 (11th Cir. 1991).

      The individual seeking to appeal *in forma pauperis* must submit a statement of good faith issues to be appealed. Fed. R. App. P. 24(a)(1)(C) ("The party must attach an affidavit that . . . states the issues that the party intends to present on appeal.").  Failure to do so requires dismissal.  See Howard v. Huntington Nat'l Bank, No. 2:09-cv-251, 2010 WL 4642913, at *3 (S.D. Ohio Nov. 4, 2010) ("The affidavit . . . does not include a statement of the issues he intends to present on

9

appeal, the omission of which is fatal to a Rule 24(a) motion."). The statement of issues to be appealed enables the court to determine whether the appeal would be frivolous or not taken in good faith. See Martin v. Gulf States Utils. Co., 221 F. Supp. 757, 760 (W.D. La. 1963) (citations omitted) ("The statement of points . . . will . . . enable us to more intelligently determine whether or not the proposed appeal is frivolous, or not made in good faith.").

Plaintiff did not submit his statement of good faith issues to be appealed, and his Second IFP Application therefore is required to be denied. Fed. R. App. P. 24(a)(1)(C); Howard, 2010 WL 4642913, at *3. Even if Plaintiff had submitted the required statement, his appeal is not "capable of being convincingly argued." Sun, 939 F.2d at 925. Motions for reconsideration must be filed "within twenty-eight (28) days after the entry of the order or judgment." LR 7.2 E., NDGa. Plaintiff filed his First Motion for Reconsideration on March 7, 2016, almost ten (10) months after the Court dismissed his Complaint. Plaintiff did not adequately explain this delay and managed, in November 2015, to file his First IFP Application and his Notice of Appeal of the Court's May 18, 2015, Order. Plaintiff also filed several documents in February 2016. (See [30]-[32]).[4] Thus,

---

[4]  Plaintiff alleged previously that he did not receive a copy of the Court's May 18, 2015, Order, until July 14, 2015. That Plaintiff waited almost eight (8)

the Court correctly denied Plaintiff's First Motion for Reconsideration as untimely. Plaintiff's Second IFP Application is required to be denied because Plaintiff's appeal is not taken in good faith.[5, 6]

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Robert Arthur Kent, Jr.'s motion for reconsideration and other relief [44] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Robert Arthur Kent, Jr.'s supplement to his motion for reconsideration and other relief [46] is **DENIED**.

---

months after he received the Court's Order to file his First Motion for Reconsideration, warranted denial of his motion.  (See [41] at 10 n.5).

[5]    The Court's April 1, 2016, Order also denied Plaintiff's Motion for Certificate of Appealability [28], Motion to Appoint Counsel [32], and Motion for Leave to Appeal Out of Time [30].  To the extent Plaintiff intends to appeal these denials, his appeal remains frivolous.  Only habeas petitioners need a certificate of appealabilty to appeal a district court's dismissal of their petition.  See 28 U.S.C. §2253(c).  Courts may appoint counsel to represent an indigent plaintiff "only in exceptional circumstances," which are not present here.  Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999).  Plaintiff's filed his Motion for Leave to Appeal Out of Time on February 23, 2016, well after the deadline imposed by Federal Rule of Appellate Procedure 4(a)(5)(A)(i).  The Court correctly found that Plaintiff failed to show good cause or excusable neglect for his delay.

[6]    Because the Court concludes that the appeal is not taken in good faith, the Court does not reach whether Plaintiff has shown an inability to pay the costs of filing an appeal.

**IT IS FURTHER ORDERED** that Plaintiff Robert Arthur Kent, Jr.'s Application to Appeal *In Forma Pauperis* [50] is **DENIED**.

**SO ORDERED** this 23rd day of August, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE